[635 NYS2d 488]

In the Matter of DANIEL NAEDER, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, November 20, 1995

## APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* Syosset *(Chris A. McDonough* and *Michael L. Epstein* of counsel), for petitioner.

*Daniel Naeder,* Hempstead, respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with two allegations of professional misconduct. The Special Referee sustained Charge Two. The petitioner withdrew Charge One. The petitioner now moves to confirm the report of the Special Referee. The respondent has neither cross-moved nor asserted any papers in opposition to the petitioner's motion to confirm.

Charge Two alleged that the respondent failed to properly cooperate with the Grievance Committee in the investigation of the complaint that he had neglected a legal matter entrusted to him by Mr. and Mrs. Erickson. On April 4, 1994, the Grievance Committee sent the respondent a letter advising him that it had opened a file against him in connection with the Erickson complaint. On June 15, 1994, the Grievance Committee sent the respondent a letter requesting further information concerning that complaint. The respondent made no response.

On July 28, 1994, the Grievance Committee sent the respondent a certified letter demanding a response to the June 15 letter within 10 days, reminding the respondent of his obligation to cooperate, and advising him that failing to cooperate could result in a motion for his suspension and additional charges of professional misconduct. The Grievance Committee sent the respondent a letter, dated September 13, 1994, also via certified mail, advising him that failure to submit a written response by September 29, 1994, together with an explanation of his failure to cooperate with the lawful demands of the Grievance Committee, would result in a motion for his suspension.

Upon a review of the evidence adduced, we conclude that the Special Referee properly sustained Charge Two insofar as it is predicated upon a violation of Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3). Accordingly, the petitioner's motion to confirm the Special Referee's report is granted to that extent.

In determining an appropriate measure of discipline to impose, we have considered the respondent's prior disciplinary history, which includes a Letter of Caution for bringing a lawsuit in the name of a party he did not actually represent, and a Letter of Admonition for failing to cooperate with the Grievance Committee, both on November 12, 1993. On September 16, 1994, the respondent was issued a Letter of Admonition for neglecting a legal matter entrusted to him and for failing to cooperate with the petitioner and the Nassau County Bar Association Grievance Committee. By order dated February 21, 1995, this Court suspended the respondent based on a prima facie finding that he was guilty of professional misconduct immediately threatening the public interest based on his failure to cooperate with repeated requests for a written response and for additional information. That order was vacated only upon the respondent's belated cooperation.

Under the circumstances, the respondent is suspended from the practice of law for a period of one year, commencing immediately.

MANGANO, P. J., BRACKEN, SULLIVAN, BALLETTA and COPERTINO, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Daniel Naeder, is suspended from the practice of law for a period of one year, commencing immediately, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the one-year period upon furnishing satisfactory proof (a) that during that period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Daniel Naeder, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice,

board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.